Filed 4/17/13  In re A.O. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re A.O., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>A.O.,<br><br>        Defendant and Appellant. | A137405<br><br>(Contra Costa County<br>Super. Ct. No. J1201504) |

A.O. appealed from a dispositional order committing him to the California Department of Corrections and Rehabilitation, Division of Juvenile Facilities (DJF).  His counsel has asked this court for an independent review of the record to determine whether there are any arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We find no arguable issues and affirm.

A juvenile wardship petition filed on August 14, 2012, in Alameda County alleged that the then 17-year-old minor had committed two counts of forcible lewd acts on an eight-year-old boy with whom he shared a bedroom during summer vacation (Pen. Code, § 288, subd. (b)).  The People sought to prosecute A.O. as an adult.  (Welf. & Inst. Code, § 707, subd. (b).)  The juvenile court sustained the first count and dismissed the second count, and the People withdrew their motion to prosecute the minor as an adult after he

1

admitted the allegations of count one under a plea agreement. The court also transferred the matter to Contra Costa County, where A.O. lived, for disposition.

Following a contested dispositional hearing on December 3, 2012, the juvenile court adjudged A.O. a ward of the court. (Welf. & Inst. Code, § 602.) After considering less restrictive placements, the court committed him to DJF, finding that he was a danger and a predator requiring a locked facility, and that the "excellent sexual offender treatment program" at DJF would be helpful to A.O. The maximum term of confinement was calculated at 10 years, with nine years, seven months remaining because of custody credit. The court also ordered A.O. to pay restitution to the victim in an amount to be determined, and informed A.O. that he was required to register as a sex offender.

No error appears in the decision to commit A.O. to DJF, and the commitment was not an abuse of the juvenile court's discretion. (Welf. & Inst. Code, § 731, subd. (a)(4) [court may commit ward to DJF if he has violated Pen. Code, § 288, subd. (b)]; *In re Jose T.* (2010) 191 Cal.App.4th 1142, 1147 [decision to commit minor to DJF may be reversed only upon showing of abuse of discretion].) Appointed counsel represented A.O. throughout the proceedings. The trial court advised A.O. of the rights he waived and the consequences of admitting to the single count that was sustained. There are no meritorious issues to be argued on appeal.

The dispositional order is affirmed.


_____
Humes, J.

We concur:


_____
Ruvolo, P.J.


_____
Reardon, J.

2